# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHIMNEY SAFETY INSTITUTE OF AMERICA, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) 1:06-cv-64-SEB-VSS<br>)<br>) |
| GUARDIAN CHIMNEY SERVICE; ALAN HOFFMAN; ANNAH VANHOLTEN | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## STIPULATED PERMANENT INJUNCTION AND ORDER

The parties to this action, CHIMNEY SAFETY INSTITUTE OF AMERICA (hereinafter "CSIA") and GUARDIAN CHIMNEY SERVICE, a sole proprietorship, ALAN HOFFMAN and ANNAH VANHOLTEN, in order to fully and finally compromise their claims, hereby stipulate pursuant to Federal Rule of Civil Procedure 65(d) as follows:

1. GUARDIAN CHIMNEY SERVICE, ALAN HOFFMAN and ANNAH VANHOLTEN, their officers, agents, employees, and representatives, all those persons in active concert or participation with them, and any business entity performing chimney cleaning in which ALAN HOFFMAN or ANNAH VANHOLTEN has an ownership interest or control (collectively referred to hereinafter as "Defendants"), shall be enjoined and restrained from engaging in, committing, performing, directly or indirectly, by any means whatsoever, any of the following acts:

(a) Using the trademark and/or certification mark "CERTIFIED CHIMNEY SWEEP CHIMNEY SAFETY INSTITUTE OF AMERICA®" plus design, U.S. Patent and Trademark Office registration number 1,825,664, or any confusingly similar designation alone or in combination with other words, in any state of the United States of America or any territory under the jurisdiction of the United States of America, to market, advertise or identify Defendants' goods and services or related products.

(b) Using the service mark "CERTIFIED CHIMNEY SWEEP®," U.S. Patent and Trademark Office registration number 1,874,274, or any confusingly similar designation alone or in combination with other words, in any state of the United States of America or any territory under the jurisdiction of the United States of America, to market, advertise or identify Defendants' goods and services or related products.

(c) Representing, implying, or advertising that Defendants, or any one of them, and/or any agent, employee or representative of Defendants, are "Certified" by CSIA or a "Certified Chimney Sweep," or otherwise unfairly competing with or inferring certification by CSIA in any manner whatsoever.

(d) Using the trademarks, certification marks, and/or service marks of the National Chimney Sweep Guild ("NCSG"), including mark with service mark registration number 1,250,041 and design only serial number 73,247,135 ("Sweep With an Umbrella Logo"), registered to the NCSG, in any state of the United States of America or any territory under the jurisdiction of the United States of America, to market, advertise or identify Defendants' goods and services or related products.

(e) Otherwise infringing CSIA's or NCSG's registered marks.

2.      Defendants, and each of them, shall further be required to do the following to implement compliance with this injunction:

(a)     Discontinue the use of and remove the marks "CERTIFIED CHIMNEY SWEEP CHIMNEY SAFETY INSTITUTE OF AMERICA®" plus design and "CERTIFIED CHIMNEY SWEEP®," the trademarks, certification marks, and/or service marks of the NCSG, including the NCSG Sweep With an Umbrella Logo, and any other references to certification by CSIA or membership in the NCSG, under the control of and/or utilized by Defendants, and each of them, from the date of this Stipulated Permanent Injunction and Order, from:

(i)     Any and all motor vehicles, product labels, signs, business cards, place cards, banners, or product literature;

(ii)    Any and all advertising materials, including but not limited to yellow page or other telephone book advertisements, except current editions of yellow page or other telephone books already distributed;

(iii)   Any and all promotional materials, including brochures, proposals to customers, price lists, and/or invoices from this date forward;

(iv)    Any and all electronic data information, web pages, and internet advertising from this date forward.

(b)     From this date forward, Defendants, and each of them, shall discontinue the use of any and all references to the trademark and/or certification mark "CERTIFIED CHIMNEY SWEEP CHIMNEY SAFETY INSTITUTE OF AMERICA®" plus design or service mark "CERTIFIED CHIMNEY SWEEP®," or references that Defendants are, or any of them is, "Certified" by CSIA or a "Certified Chimney Sweep" or employ a "Certified Chimney Sweep," in any state of the United States of America or any territory under the jurisdiction of the

United States of America in connection with the advertising, marketing, or sale of any services provided by Defendants, their officers, agents, employees, or representatives.

(c) From this date forward, Defendants, and each of them, shall discontinue the use of any and all reference to the trademarks, certification marks, and/or service marks of the NCSG, including the Sweep With an Umbrella Logo, in any state of the United States of America or any territory under the jurisdiction of the United States of America in connection with the advertising, marketing, or sale of any services provided by Defendants, their officers, agents, employees, or representatives.

(d) The fact that Defendants, or any of them, may employ a duly certified chimney sweep shall not affect the operation of this injunction. However, after a period of three (3) years from the date of this Stipulated Permanent Injunction and Order, Defendants will be permitted to apply for certification by CSIA and membership in the NCSG, which would not be unreasonably denied.

(e) Nothing in this Stipulated Permanent Injunction and Order is intended to address (i) whether the marks are contestable, or (ii) the competency of Defendants. Rather, these stipulations are the product of a negotiated resolution without an admission of liability.

3. Defendants, and each of them, shall comply with, and complete the removal, and/or undertake all necessary steps for the removal of the marks "CERTIFIED CHIMNEY SWEEP CHIMNEY SAFETY INSTITUTE OF AMERICA®" plus design and "CERTIFIED CHIMNEY SWEEP®," and the trademarks, certification marks, and/or service marks of the NCSG, including the NCSG Sweep With an Umbrella Logo, and any other references to certification by CSIA or membership in the NCSG, all as specified above, no later than April 30, 2006. In addition to the foregoing, with regard to the advertising materials identified in

paragraph 2(a)(ii) above, Defendants shall send a letter via certified mail to all yellow page or other telephone book advertisers that publish advertisements or other materials on behalf of Defendants displaying, using, or incorporating any of the aforementioned trademarks, certification marks, service marks of CSIA or the NCSG or other references requesting removal of all such references prior to publication of such advertisements or other materials and shall send copies of all such letters to CSIA.

4. This court shall retain jurisdiction of this case for the purpose of simple enforcement of this Stipulated Permanent Injunction and Order.

5. Any proceeding before this court to enforce the terms of this Stipulated Permanent Injunction and Order shall be resolved by means of a noticed motion without the necessity of filing a new and separate action. The parties to such proceedings will be permitted to submit evidence and memoranda of points and authorities according to the ordinary briefing requirements for a noticed motion, as set forth in the Federal Rules of Civil Procedure and this court's local rules then in effect. The court shall have discretion to allow live testimony or other evidence in addition to any documentary evidence or declarations submitted a part of the noticed motion briefings. The court shall determine whether Defendants or any of them has violated the terms of this Stipulated Permanent Injunction and Order pursuant to this definition. A "violation" shall be defined as the failure to comply with paragraphs 1, 2, or 3 above.

6. In the event that the court finds that Defendants or any of them has violated this Stipulated Permanent Injunction and Order, the parties agree that resulting damages suffered by the parties may be impractical or extremely difficult to calculate. Because of this difficulty in determining the amount of damages resulting from the Permanent Injunction, the parties agree that the violating defendant party shall pay damages in the sum of $5,000.00 per instance of

violation, as liquidated damages, or actual damages if proven as determined by the court, whichever is greater, and the prevailing party in any hearing on violation of this Stipulated Permanent Injunction and Order shall be entitled to attorneys' fees. For the purpose of this paragraph, a "violation" shall not mean each discrete, separate and distinct utterance or act in violation of this Stipulated Permanent Injunction and Order, but rather a single violation shall encompass all utterances or acts related to an event, project, transaction, or occurrence, and is not to be determined solely by reference to the number of persons or individual publications involved in the event, project, transaction, or occurrence.

**IT IS SO STIPULATED.**

DATED: April 27, 2006

**KELLER AND HECKMAN LLP**

By: _____
Arthur S. Garrett, III

Attorney for CHIMNEY SAFETY INSTITUTE OF AMERICA

DATED: April 26, 2006

MAX W. GARWOOD, P.C.

By: _____
Max W. Garwood

Attorney for GUARDIAN CHIMNEY SERVICE; ALAN HOFFMAN; ANNAH VANHOLTEN

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 08/22/2006

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

violation, as liquidated damages, or actual damages if proven as determined by the court, whichever is greater, and the prevailing party in any hearing on violation of this Stipulated Permanent Injunction and Order shall be entitled to attorneys' fees. For the purpose of this paragraph, a "violation" shall not mean each discrete, separate and distinct utterance or act in violation of this Stipulated Permanent Injunction and Order, but rather a single violation shall encompass all utterances or acts related to an event, project, transaction, or occurrence, and is not to be determined solely by reference to the number of persons or individual publications involved in the event, project, transaction, or occurrence.

**IT IS SO STIPULATED.**

DATED: April 27, 2006

**KELLER AND HECKMAN LLP**

By: _____
Arthur S. Garrett, III

Attorney for CHIMNEY SAFETY INSTITUTE OF AMERICA

DATED: April 26, 2006

MAX W. GARWOOD, P.C.

By: _____
Max W. Garwood

Attorney for GUARDIAN CHIMNEY SERVICE; ALAN HOFFMAN; ANNAH VANHOLTEN

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 08/22/2006

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Certificate of Service**

I hereby certify that on April 28, 2006, a copy of the foregoing Stipulated Permanent Injunction and Order was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Max W. Garwood
Max W. Garwoood, P.C.
mgarwood@sbcglobal.net

Jerry Garau
Findling Garau Germano & Pennington, P.C.
jgarau@fggplaw.com

_____
Tracy P. Marshall